**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Dec 23 2014, 10:04 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**DAVID DICKMEYER**
**ROBERT J. HENKE**
Deputy Attorneys General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: <br><br> L.D.H., D.M.H., K.M.H., AND N.M.H. (MINOR CHILDREN) <br><br> B.J.H. (MOTHER), <br><br>    Appellant-Respondent, <br><br>          vs. <br><br> THE INDIANA DEPARTMENT OF CHILD SERVICES, <br><br>    Appellee-Petitioner. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 02A04-1405-JT-212 |

---

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
The Honorable Lori K. Morgan, Magistrate
Cause Nos. 02D08-1307-JT-66, 02D08-1307-JT-67,
02D08-1307-JT-68, 02D08-1307-JT-69

---

**December 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

B.J.H. ("Mother")[1] appeals the termination of her parental rights upon the petition of the Allen County Department of Child Services ("DCS"). We affirm.

## Issue

Mother presents one issue for review, which we restate as: whether DCS established, by clear and convincing evidence, the requisite statutory elements to support the termination decision.

## Facts and Procedural History

On October 31, 2011, L.D.H., D.M.H., K.M.H., and N.M.H. (collectively, "Children") were removed from Mother's home after medical examinations of Children revealed signs of physical abuse. Children were adjudicated Children in Need of Services ("CHINS") on November 29, 2011, after Mother admitted to the allegations that Children suffered severe physical and psychological abuse at the hands of Mother's live-in boyfriend and that Mother failed to seek timely medical treatment for Children.

Mother subsequently was charged with four counts of Neglect of a Dependent Resulting in Bodily Injury, as Class C felonies.[2] On October 29, 2012, the trial court accepted her guilty plea and sentenced her to eight years in the Indiana Department of Correction ("DOC"), with all eight years suspended to probation.

---

[1] Father is deceased.
[2] Ind. Code § 35-46-1-4(b)(1)(A). This offense is now a Level 5 felony. We refer to the version of the statute in effect at the time of Mother's offense.

While on probation, Mother was charged with and pleaded guilty to Battery Resulting in Bodily Injury, as a Class A Misdemeanor,[3] stemming from an unrelated incident at a nightclub. As a result, the State filed a verified petition to revoke Mother's probation in the Neglect case. Mother's probation was revoked on May 15, 2013, and she was ordered to serve all remaining suspended time in the DOC.

Mother has been incarcerated since her arrest for the probation violation on February 14, 2013. Her earliest projected release date is January 28, 2017.[4] Despite reunification efforts made when Mother was not in jail, Children have never returned home. D.M.H., K.M.H., and N.M.H. have been in foster care since their removal in 2011. L.D.H. was initially in foster care; however, in July 2013 he was moved to a youth residential facility that could provide intensive treatment for his serious psychological and behavioral health issues.

On July 24, 2013, DCS filed a verified petition for involuntary termination of parental rights. Hearings on the petition were conducted on January 9, 13, 16, and 17, 2014. On April 16, 2014, the court issued an order terminating Mother's parental rights. Mother now appeals.

**Discussion and Decision**

Standard of Review

---

[3] I.C. § 35-42-2-1(a)(1)(A).

[4] If Mother participates in certain programs offered by the DOC, she may be eligible for earlier release. As of trial, Mother had enrolled in, but not completed, some of these programs.

3

Our standard of review is highly deferential in cases concerning the termination of parental rights. In re K.S., 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). This Court will not set aside the trial court's judgment terminating a parent-child relationship unless it is clearly erroneous. In re A.A.C., 682 N.E.2d 542, 544 (Ind. Ct. App. 1997). When reviewing the sufficiency of the evidence to support a judgment of involuntary termination of a parent-child relationship, we neither reweigh the evidence nor judge the credibility of the witnesses. Id. We consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. Id.

Where, as here, the trial court enters findings of fact and conclusions thereon, we apply a two-tiered standard of review. Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005). First, we determine whether the evidence supports the findings, and second we determine whether the findings support the judgment. Id. A judgment is clearly erroneous if the findings do not support the court's conclusions or the conclusions do not support the judgment. Id.

Requirements for Involuntary Termination of the Parent-Child Relationship

Parental rights are of a constitutional dimension, but the law provides for the termination of those rights when the parents are unable or unwilling to meet their parental responsibilities. Id. The purpose of terminating parental rights is not to punish the parents, but to protect their children. In re L.S., 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), trans. denied.

4

Indiana Code section 31-35-2-4(b)(2) sets out the elements that DCS must allege and prove by clear and convincing evidence in order to terminate a parent-child relationship:

(A) that one (1) of the following is true:

    (i)    The child has been removed from the parent for at least six (6) months under a dispositional decree.

    (ii)    A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.

    (iii)    The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

    (i)    There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

    (ii)    There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

    (iii)    The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

If the court finds that the allegations in a petition described above are true, the court shall terminate the parent-child relationship. I.C. § 31-35-2-8(a).

<u>Analysis</u>

5

Mother contends that insufficient evidence supports the trial court's termination order. She does not challenge the court's determinations under Indiana Code subsections 31-35-2-4(b)(2)(A) (removal), (B) (conditions and well-being), or (C) (best interests). Mother challenges only the determination under subsection (D), that is, whether DCS has proven by clear and convincing evidence that there is a satisfactory plan for the care and treatment of Children.

Under subsection (D), a plan for the care and treatment of a child "need not be detailed, so long as it offers a general sense of the direction in which the child will be going after the parent-child relationship is terminated." In re D.D., 804 N.E.2d 258, 268 (Ind. Ct. App. 2004), trans. denied. At the termination hearing, DCS Family Case Manager Jennifer Kracium testified that DCS's plan for the care and treatment of Children is adoption. In the trial court's findings of fact and conclusions thereon, the court found that DCS "has a satisfactory plan for the care and treatment of the children, which is placement of the children for adoption." (Appellant's App. at 35.) The evidence therefore supports the trial court's findings, and the findings support the judgment of involuntary termination.

Mother argues, however, that adoption is not a satisfactory plan in this case because "three of the children have substantial psychological needs which require specialized care making it unlikely they would be adopted." (Appellant's Br. at 16.) We have not found any authority, and Mother cites none, to support her argument that adoption is not a satisfactory plan for children who have suffered severe physical and psychological trauma – trauma caused by the prolonged abuse and neglect that necessitated their removal in the first place – because their injuries may, in theory, reduce their chances of being adopted.

6

Rather, this Court repeatedly has held that adoption is a satisfactory plan even when a specific adoptive family has not yet been identified. See Lang v. Starke Cnty. Office of Family & Children, 861 N.E.2d 366, 375 (Ind. Ct. App. 2007) ("The fact that there was not a specific family in place to adopt the children does not make the plan unsatisfactory."), trans. denied; D.D., 804 N.E.2d at 268 (holding that a plan for adoption, either by the current foster family or another family, was satisfactory because it provided a general sense of direction for the child's care and treatment); In re B.D.J., 728 N.E.2d 195, 204 (Ind. Ct. App. 2000) (same). DCS therefore established that there is a satisfactory plan for the care and treatment of Children.

**Conclusion**

DCS established, by clear and convincing evidence, the requisite elements of Indiana Code section 31-35-2-4(b)(2). Accordingly, the trial court's judgment of involuntary termination of the parent-child relationship was not clearly erroneous.

Affirmed.

ROBB, J., and BROWN, J., concur.

7